UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASHLEY SIMMONS,

      Petitioner,

v.

WARDEN ORTIZ,

      Respondent.

Civ. No. 16-9136 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

### I. INTRODUCTION

Petitioner Ashley Simmons ("Petitioner") is a federal prisoner currently incarcerated at Federal Medical Center Devens in Ayer, Massachusetts. At the time of filing, Petitioner was incarcerated at FCI Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons ("BOP") violated his constitutional rights by incorrectly calculating his sentence. The petition is ripe for disposition, and for the reasons outlined below, the petition will be denied.

### II. BACKGROUND

On May 1, 2009, Petitioner was arrested by the United States Secret Service and charged with access device fraud. (*See* ECF No. 1 at p. 1; ECF No. 5-2 at pp. 1, 8). On November 13, 2009, the United States District Court for the Eastern District of New York sentenced Petitioner to 105 months of incarceration following his guilty plea to access device fraud in violation of 18 U.S.C §§ 1029(a)(2) & (c)(1)(B). (*See* ECF No. 1 at p. 3; ECF No. 5-2 at pp. 2, 17-21).

On May 20, 2009, the United States Probation Office for the Southern District of New York issued a petition for court action seeking to revoke Petitioner's supervised release that had

been imposed in an earlier criminal case. (*See* ECF No. 5-2 at pp. 2, 13-15). On February 17, 2011, the United States District Court for the Southern District of New York revoked Petitioner's supervised release in the prior criminal case and sentenced him to a two-year term of incarceration to run consecutive with the 105-month sentence imposed by the Eastern District of New York. (*See id.* at pp. 3, 44-46).

After the second sentence was imposed, the BOP aggregated Petitioner's consecutive sentences of 105 months (or 8 years and 9 months) and 2 years into a total sentence of 10 years and 9 months. (*See id.* at pp. 3, 48-50). The BOP calculated the aggregate sentence to have commenced on November 13, 2009, the date Petitioner was sentenced in the Eastern District of New York. (*See id.*). Petitioner received jail credit for the time he spent in custody prior to the commencement of his sentence. (*See id.*). Specifically, he received 196 days of jail credit for the period from May 1, 2009 (the date of arrest) to November 12, 2009 (the day before his sentence commenced). (*See id.*).

On June 6, 2016, Petitioner filed a request for administrative remedy stating that the BOP failed to acknowledge the fact that his jail time for the violation of his supervised release began on May 1, 2009. (*See* ECF No. 5-1 at p. 18). On June 21, 2016, the Warden denied Petitioner's administrative remedy request. (*See id.* at p. 19). Thereafter, Petitioner appealed to the Regional Director, who denied the appeal on August 12, 2016. (*See id.* at pp. 20-21). On August 23, 2016, Petitioner appealed to the Central Office arguing that the BOP unconstitutionally increased his sentence by calculating his sentence as running from November 13, 2009 instead of May 1, 2009. (*See id.* at p. 22). On September 30, 2016, the Central Office denied Petitioner's appeal. (*See id.* at p. 23).

## III. DISCUSSION

Petitioner appears to argue in his § 2241 petition that he is entitled to credit on his violation of supervised release sentence for the time he spent in custody between May 1, 2009 and November 12, 2009. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). This Court has jurisdiction under § 2241 to consider a claim that the BOP has miscalculated a sentence.[1] *See Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1068 (2012); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005).

After a district court sentences a federal offender, the BOP has the exclusive authority for administering the sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *Bueno v. United States*, 537 F. App'x 18, 19 (3d Cir. 2013) ("The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the BOP."). Pursuant to 18 U.S.C. § 3584(c), the BOP shall treat multiple terms of imprisonment ordered to run consecutively by the district court as a single, aggregate term of imprisonment.

To calculate a federal sentence, "the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Blood*, 648 F.3d at 207. A sentence's commencement date is governed by 18 U.S.C. § 3585(a), which provides that a "sentence to a term of imprisonment commences on the date the defendant is

---

[1] To the extent Petitioner seeks to challenge the imposition of his violation of supervised release sentence as consecutive rather than concurrent, Petitioner must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *See In re Nwanze*, 242 F.3d 521, 523 (3d Cir. 2001) ("a petitioner should advance a challenge to a conviction and sentence through the means of a motion under section 2255 in the sentencing court.").

3

received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served."

Under the second step of calculating a federal sentence, a defendant receives credit for time spent in custody "prior to the date the sentence commences ... that has not been credited against another sentence." 18 U.S.C. § 3585(a) & (b). "In other words, a federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence. Section 3585(b) makes clear that prior custody credit cannot be double counted." *See Williams v. Zickefoose*, 504 F. App'x 105, 107 (3d Cir. 2012) (per curiam) (citing *Wilson*, 503 U.S. at 337).

Here, the BOP properly determined the start date of Petitioner's federal sentence was November 13, 2009, the date on which he was sentenced by the Eastern District of New York. The BOP aggregated Petitioner's consecutive sentences of 105 months and 2 years for a total term of 10 years and 9 months, and then deducted from that term 196 days of jail time credit (from May 1, 2009 through November 12, 2009). Under § 3585, Petitioner is not permitted to receive "double credit" for his time in custody. Petitioner has not presented any alternative basis for an award of additional jail credit on his sentence. Accordingly, Petitioner's habeas petition is without merit and shall be denied.[2]

---

[2] In light of the Court's decision, Petitioner's pending "Motion for Final Judgment under Rule 54" (ECF No. 7) is also denied.

## V. CONCLUSION

For the foregoing reasons, the BOP correctly calculated Petitioner's federal sentence. Accordingly, Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241 is denied on the merits. An accompanying order will be entered.

DATED: May 14, 2018

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge